IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOSE ARIAS** *and*                                                                                       **PLAINTIFFS**
**WYNETTE ARIAS**

v.                                                                     **CIVIL ACTION NO. 1:21-cv-97-TBM-RPM**

**MERCEDES-BENZ USA, LLC**                                                                  **DEFENDANT**

### MEMORANDUM OPINION AND ORDER DISMISSING CASE
### FOR FAILURE TO COMPLY WITH COURT ORDERS

This matter is before the Court *sua sponte* for consideration of dismissal. Plaintiffs have failed to comply with or respond to two Court Orders despite having been warned that failure to comply would result in the dismissal of the case. The Court, having considered the record and relevant legal authority, finds that this civil action should be dismissed without prejudice.

### I. BACKGROUND

This case was transferred from the United States District Court for the Middle District of Louisiana to this Court on March 30, 2021. [29]. Plaintiffs' attorneys were not admitted to practice law in the state of Mississippi. [32], pg. 1. The Court entered an Order to Show Cause directing Plaintiffs' attorneys to either file a motion to withdraw or to seek *pro hac vice* admission. [36]. Plaintiffs' attorneys filed Motions to Withdraw. [37]; [38]. Plaintiffs did not file a response to their attorneys' motions to withdraw. *See* [42], pg. 2. The Court granted Plaintiffs' attorneys' motions to withdraw on October 18, 2021. [42].

In its Order Granting Motions to Withdraw as Counsel [42], the Court directed Plaintiffs that they "shall have until November 18, 2021, to obtain substitute counsel or to inform the Court in writing of their intention to proceed *pro se*." *Id*. at 2. The Court further warned that: "**Plaintiffs**

**are cautioned that failure to obtain substitute counsel or to inform the Court in writing of their intention to proceed *pro se* within the time allowed may result in the dismissal of their lawsuit.**" *Id.* Plaintiffs did not respond to the Court's Order, substitute counsel, or inform the Court of their intention to proceed *pro se*.

On December 14, 2021, the Court entered an Order to Show Cause [43] directing Plaintiffs, "to show cause in writing why this lawsuit should not be dismissed for failure to prosecute" by December 28, 2021. [43], pg. 1. The Court further stated that "**Plaintiffs are cautioned that failure to file a response to this Order by December 28, 2021, will result in the dismissal of their lawsuit**." *Id.* To date, Plaintiffs have not responded to either of the Court's Orders, despite the Court's warnings.

## II. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure allows the Court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Rule 41(b) enables the court to dismiss an action *sua sponte*. *Connely v. City of Pascagoula*, No. 1:11-cv-293-HSO, 2013 WL 2182944, at *1 (S.D. Miss. May 20, 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). This power of the Court "is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629–31.

Plaintiffs did not comply with the Court's Orders even after being warned that failure to do so would result in the dismissal of their case. Plaintiffs' failure to comply with two Court Orders presents a clear record of dilatory conduct. The Court concludes that this action should be

2

dismissed for Plaintiffs' failure to prosecute and to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure. *See Martin v. Gilbert*, No. 1:12-cv-327-HSO, 2013 WL 4014990, at *1-2 (S.D. Miss. Aug. 6, 2013) (dismissing case without prejudice when *pro se* plaintiff failed respond to defendant's motion to dismiss or to comply with two court orders—to obtain substitute counsel or inform the court of his intention to proceed *pro se*—despite multiple warnings that his case may be dismissed); *Grant v. Eaton Aerospace*, No. 3:04-cv-946-WS, 2006 WL 1966840, at *1 (S.D. Miss. July 10, 2006) (dismissing case without prejudice when plaintiff did not comply with court orders to obtain new counsel or inform the court of her intention to proceed *pro se* and to respond to defendant's motion for summary judgment); *Connely*, 2013 WL 2182944 at *1-2 (dismissing case without prejudice after *pro se* plaintiff failed to respond to defendants' motion to dismiss and a show cause order warning of possible dismissal).

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above, this cause of action is DISMISSED WITHOUT PREJUDICE due to Plaintiffs' failure to comply with the Orders of the Court and failure to prosecute. A separate Final Judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

THIS, the 25th day of February, 2022.

                                                                     _____
                                                                     TAYLOR B. McNEEL
                                                                     UNITED STATES DISTRICT JUDGE